**Richard E. Slezak,** OSB #86290
rslezak@churchill-law.com
CHURCHILL LEONARD LAWYERS
PO Box 804
Salem OR 97308-0804
Telephone: (503) 585-2255
Facsimile: (503) 364-8033
Attorney for Plaintiff

FILED'06 FEB 14 11:11USDC-ORE

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| GEORGE THOMPSON, | Case No. |
| Plaintiff, | COMPLAINT |
| v. | 1. Oregon Securities Law (ORS 59.135) |
| ROGER STEWART, *dba* Roger Stewart Insurance Agency, | 2. Securities Exchange Act of 1934 (15 U.S.C. §77l(a)(2)) |
| | 3. Fraud |
| Defendant. | DEMAND FOR JURY TRIAL |

## JURISDICTION

1.  Jurisdiction of plaintiff's Securities Exchange Act of 1934 is proper as a federal question under 28 U.S.C. § 1331.

Page 1 – COMPLAINT

2. Venue is properly in the Eugene Division of the U.S. District Court for the District of Oregon.

## SUMMARY OF FACTS

1. At all times material, defendant was and is now an Oregon resident, doing business as Roger Stewart Insurance Agency, in North Bend, Oregon.

2. At all times material, defendant was an unlicensed broker/dealer of unregistered securities in the State of Oregon.

3. At all times material, Michael Kelly was and is now a principal of Resort Holdings International, Inc., (RHI).

4. At all times material, World Phantasy Tours, Galaxy Properties Management, S.A. de C.V. and Majesty Travel were third parties employed or contracted to manage RHI properties subject to the Lease.

5. At all times material, defendant was an agent of Resort Holdings International, Inc., (RHI); Michael Kelly; World Phantasy Tours; Galaxy Properties Management, S.A. de C.V., and Majesty Travel.

6. In October, 2003, defendant sold to plaintiff a Universal Lease, (Lease) which defendant represented as a purchase of a lease from RHI, which would give plaintiff ownership in a specific, high quality vacation accommodation in Cancun, or in certain other resort property in the Caribbean, for a specific week, during a specific term for 25 years.

7. Defendant further represented to plaintiff that:

    a. the Lease would provide him a return on his original purchase price, plus appreciation;

Page 2 –COMPLAINT

  b. the Lease would provide additional income to plaintiff, if he (1) used the vacation unit himself; (2) rented the unit to a third party, collecting the rents himself; or, (3) hired a management company owned or controlled by RHI, that, for a management fee, would collect rents for plaintiff;

  c. the rental options would provide plaintiff with a 9% annual return on his purchase price and paid to plaintiff, monthly;

  d. plaintiff would receive $3,492 per year income from the Lease;

  e. that RHI would buy back the Lease anytime, should plaintiff choose to sell it.

8. Defendant knew, or had reason to know, that one or more of the promises alleged in paragraphs 6 and 7 were not true.

9. Plaintiff paid defendant $38,800 for the Lease with money withdrawn from plaintiff's Individual Retirement Account.

10. To date, plaintiff has received $2,330.77 in 2004, and $724.60 in 2005.

11. No additional payments have been received by plaintiff and RHI is now in default under the Lease.

12. The Lease is a security instrument and, at all times material, defendant was not and is not now licensed to sell securities.

13. Defendant knew or had reason to know by January, 2001, that the Oregon Department of Justice Financial Fraud Unit had begun to investigate the Universal Lease, generally, and specifically, defendant's participation in the Universal Lease to a number of purchasers prior to the sale to plaintiff.

Page 3 –COMPLAINT

14. By August, 2003, defendant had appeared at the offices of the Oregon Division of Finance and Corporate Securities in Salem, Oregon to be deposed with respect to his involvement in the sale of Universal Leases.

15. Defendant did not disclose to plaintiff prior to his purchase of the Lease that defendant had been or was continuing to be investigated by the Department of Justice Financial Fraud Unit.

16. At all times prior to his purchase of the Lease plaintiff was unaware that defendant had been investigated or deposed by an agency of the State of Oregon related to his participation in the sale and purchase of Universal Leases.

17. Defendant offered or sold a security to plaintiff, through the use of means or instruments of communication in interstate commerce or the mails, by means of a prospectus or oral communication, which included untrue statements of material fact or omitted to state a material fact necessary to make the statements not misleading, in violation of the Securities Exchange Act of 1934 (15 U.S.C. § 77e, et seq. ) and Oregon Securities Law, (ORS 59.005 et seq).

18. Plaintiff tendered the Lease to RHI by letter to defendant.

OREGON SECURITIES LAW

19. For his first claim for relief, plaintiff realleges paragraphs 1 through 18 and incorporates them by this reference.   He further alleges that:

20. Defendant received consideration for advising plaintiff as to the value of the Lease or its purchase and sale.

21. In omitting to disclose to plaintiff that he was being investigated by the State of Oregon regarding his participation in the offering and sale of the Lease, defendant's conduct amounted to untrue statements of material fact or the omission to state a material fact.

Page 4 –COMPLAINT

Churchill Leonard Lawyers
PO Box 804, Salem, OR 97308
(503) 585-2255

22. Under the circumstances, the statement or omission of material fact was misleading and operated as a fraud or deceit upon plaintiff, including inducing him to purchase the Lease.

23. Under ORS 59.115, plaintiff is entitled to 9% prejudgment interest on his purchase price.

24. As a result of defendant's conduct, plaintiff suffered special damages of $135,744.00 as follows:

    a.    lost retirement savings    $38,800;

    b.    lost prejudgment interest    $11,000;

    c.    early withdrawal penalties    $ 1,500;

    d.    loss of benefit-of-his bargain    $87,500;

    e.    less $3,055.37 received in Lease payments.

25. Plaintiff is entitled to attorney fees under ORS 59.127.

## SECURITIES EXCHANGE ACT

26. For his second claim for relief, plaintiff realleges paragraphs 1 through 24 and incorporates them by this reference. He further alleges that:

27. Plaintiff is entitled to his attorney fees.

## FRAUD

28. For his third claim for relief, plaintiff realleges paragraphs 1 through 24 and incorporates them by this reference.

29. Plaintiff demands a jury trial.

//

//

//

Page 5 –COMPLAINT

Wherefore, plaintiff prays for judgment against defendant in each of plaintiff's claims for his special damages of $135,744.00; his attorney fees in his first two claims for relief; and for his costs and disbursements incurred herein.

DATED this 13th day of February, 2006.

                                          CHURCHILL LEONARD LAWYERS

                                        _____
                                        Richard E. Slezak   OSB #86290
                                        Telephone:   (503) 585-2255
                                        Facsimile:   (503) 364-8033
                                        rslezak@churchill-law.com
                                        Attorney for Plaintiff

res/10339 thompson complaint/ la1